### PALMER CANFIELD

### v.

### MORGAN AND STERLING.

The stakeholder who comes into this court rightfully, and with good faith, by a bill
of interpleader, is entitled to his costs out of the fund.
Those costs fall in such case, directly upon that defendant who had right; but eventu-
ally, upon him who was in the wrong.
It makes no difference in the rule, that the defendant who was in the wrong, is without
the jurisdiction.

1824.              THIS was a bill of interpleader.    The complainant who
June 1.        was a lottery office keeper, in New York, sold to one Hatch
Interpleader.  at Hartford, one quarter of a ticket in a lottery, duly authori-
Costs.         sed by law ; for which quarter he gave a certificate in a form
usual with lottery dealers, payable to bearer.    Hatch sold to
the defendant Morgan, one half of that quarter, for which he
granted `a new certificate, keeping the former one which he
had received from Canfield.    He then sold the entire quarter
to Sterling, to whom he at the same time, delivered over the
original certificate.
The ticket having drawn a prize of twenty thousand dollars,
Morgan gave notice to the complainant, not to pay over the
entire quarter of the prize to Sterling ; and Sterling thereupon
instituted a suit at law for the amount of it.    Canfield then
filed this bill, and brought the money into court.
' The bill was answered by Sterling, but Morgan suffered it
to be taken pro confesso ; and upon the hearing a decree had
formerly passed, in favor of Sterling, for the full amount of
the quarter.    The only question now was, as to the costs.

MR. SLOSSON on behalf of Sterling, moved for costs against the complainant Canfield. He remarked, that Morgan the other defendant, being out of the jurisdiction of the court, no remedy can be had against him; that Sterling had proceeded rightfully at law; and if a third party for his own protection, comes here against one thus rightfully proceeding at law, it ought to be at his own charge. He cited 2 Ves. and Beames 412.

1824.

CANFIELD
v.
STERLING.

MR. JAY for Canfield insisted, that his client not only ought not to pay costs, but should receive them. He was merely a trustee and stakeholder, nowise implicated in the cause of the dispute, nor impeachable in the conduct of it. He brought the money into court, and had throughout conducted with perfect good faith, and ought to be fully indemnified. He cited 1 Dick. 291. 2 Bro. ch. 149. 6 Ves. 418. 9 Ves. 107. 2 Cox, 277. 285. He said, the rule was fully established by these cases, that the complainant is to have his costs against that defendant, who succeeds upon the merits, and he, against the one who fails, as in the case in 2 Cox against him who had given notice not to pay, which was the present case.

THE COURT had understood the rule as alleged by MR. JAY; that the stakeholder, who comes here rightfully and acts with good faith, is to have his bill dismissed, with costs out of the fund; which costs are eventually to fall on the party who is in the wrong. He said, that the case of Morgan's being without the jurisdiction, might create some embarrassment, but he did not see that it could vary the general rule. He therefore, gave an order for costs to the complainant, payable out of the fund in court.